UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:05-cr-0496-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING MOTION FOR HABEAS CORPUS RELIEF FOR LACK OF JURISDICTION** |
| ERNESTO MANUEL AGUILA, | |
| Defendant. | |

Federal prisoner Ernesto Manuel Aguila filed a motion for habeas corpus relief (ECF 90) in which he "asks this Court to grant [him] interim relief in the form of conditional and immediate transfer to community corrections, to direct he be released from custody by July 30, 2019, and to ultimately hold that the amendment to the good time credit [authorized in the First Step Act of 2018] was immediately effective on December 21, 2018." Motion for relief at 2:16-20.

The United States opposes the motion arguing, inter alia, "it is undisputed that Aguila is incarcerated in South Dakota [; therefore] this Court . . . does not have jurisdiction over Aguila's custodian and . . . cannot grant his requested relief." Response at 2:21-22, ECF No. 95. Aguila replies that Mr. Aguila tried to file a pro se petition under 28 U.S.C. § 2241 in the South Dakota district court in which he raised the same claims presented in his petition sub judice, however the Clerk of Court for the United

States District Court in the District of South Dakota refused to file his petition and returned the petition to him, in a letter stating: "The enclosed documents are being returned to you. The case cited on the documents is a case in the Eastern District of California." Reply at 1:18-23, ECF No. 98 and ECF No. 91.

The United States Supreme Court states in Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004): "The plain language of the [28 U.S.C. § 2241(a)] habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (stating "a § 2241 petition must be filed in the district where the petitioner is in custody."); United States v. Poole, 531 F.3d 263, 275 (4th Cir. 2008)(stating the petitioner's immediate custodian remained the warden of the prison in which he was permanently confined, and therefore the sentencing district court did not properly exercise jurisdiction over Petitioner's § 2241 petition.); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.").

This court does not have jurisdiction over Aguila's § 2241 petition because the Eastern District of California is not "the district of confinement." Rumsfeld v. Padilla, 542 U.S. at 443. Therefore, the petition is dismissed for lack of jurisdiction.

Dated: May 15, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

.