HEATHER E. WILLIAMS, #122664
Federal Defender
ANN C. M<sup>c</sup>CLINTOCK, Bar #141313
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone: (916) 498-5700

Attorney for Defendant-Movant
ERNESTO MANUEL AGUILA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>vs.<br><br>ERNESTO MANUEL AGUILA,<br><br>   *Defendant-Movant.* | No. 2:05-cr-0496 GEB<br><br>**STIPULATION AND ORDER TO TERMINATE SUPERVISED RELEASE**<br><br>JUDGE:  Honorable John A. Mendez |

**STIPULATION TO TERMINATE
SUPERVISED RELEASE EARLY**

It is hereby stipulated and agreed between defendant, ERNESTO MANUEL AGUILA, and plaintiff, United States of America, that the Court should enter an order terminating supervised release pursuant to 18 U.S.C. § 3583(e)(1). The five-year term of supervised release began on October 11, 2019.  Mr. Aguila has already completed a full year of his supervisory term.  The Probation Office and its officer Wendy Reyes confirm that Mr. Aguila is in full compliance in all areas of supervision and supports the early termination of supervision.  Assistant United States Attorney Jason Hitt also reviewed this request and has no opposition to the termination of supervision.  A proposed order is attached for the Court's convenience.

/ / /

The parties agree as follows:

1.      Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

2.      Section 3584(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3583(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release.  The Judicial Conference has identified the following criteria to assess eligibility for early termination. Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible.  The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

> (b) During the first 18 months of supervision, the appropriateness of early termination must be based on the person's overall progress in meeting supervision objectives, to include having:
>> (1) substantially satisfied the requirements of the court order; and
>> (2) demonstrated a willingness and capability to remain lawful beyond the period of supervision.

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 360.20(b), "Early Termination" (rev'd July 2, 2018). "[T]he plain language of the statute [§ 3584(e)] indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000).  Early termination of supervised release, while only an occasional occurrence, may apply here as the supervision is subject to the "new or unforeseen circumstances" that render the original term "'either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" *Id*. at 1101 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); Fed. R. Crim. P. 32.1(b), Advisory Committee Note 1979 ("Probation

conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation.").

3.    Mr. Aguila satisfies all factors set forth for early termination.  He has completed all his terms of supervision and has no need for further programming.

4.    An early termination of supervised release is in the interests of justice. Mr. Aguila passed the licensing test for gaining a real estate salesperson license.  He was denied the license, despite his passing mark on the examination, because of his conviction in this matter.  Mr. Aguila has appealed this decision and has a hearing scheduled for December 10, 2020.  If Mr. Aguila is no longer on supervised release by the time of his hearing, he will have a better chance of demonstrating his rehabilitation and worthiness for this license. California Code of Regulations, Chapter 10, section 2911(5) specifically lists "(5) Successful completion or early discharge from probation or parole" as one factor demonstrating rehabilitation.

5.    Mr. Aguila pleaded guilty of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) in 2007, for which this Court imposed a prison term of 222 months. Docket entry nos. 56, 72. After the retroactive reduction in the drug Guideline table, this Court reduced Mr. Aguila's prison term to 177 months.  Docket entry no. 89.  Mr. Aguila served his prison term without incident, he completed the RDAP program, and he was approved for and transferred to community corrections for the service of the last months of his custodial term.

6.    His experience in the federal prison system changed him profoundly and has set him on the stable path that he is on today. The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Aguila has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a valued worker, family member, and citizen.  He has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision.  He had no aggravated role in the offense, no violence

3

in this offense, and is not using controlled substances. He has no psychiatric issues.  He enjoys the support of his community.  He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

The parties stipulate that given Mr. Aguila's commendable reentry into the community and performance on supervised release, this Court should order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Dated: November 3, 2020                        Respectfully submitted,

McGREGOR SCOTT
United States Attorney

*s/ Jason Hitt*
JASON HITT
Assistant U.S. Attorney

HEATHER E. WILLIAMS
Federal Defender
 *s/ Ann C. M$^c$Clintock*
ANN C. M$^c$CLINTOCK
Assistant Federal Defender

Attorney for Defendant
ERNESTO MANUEL AGUILA

**ORDER**

For the reasons stated in the parties' stipulation, the Court GRANTS the request and terminates defendant's term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

IT IS SO ORDERED.


DATED:  November 4, 2020                    /s/ John A. Mendez
                                            THE HONORABLE JOHN A. MENDEZ
                                            UNITED STATES DISTRICT COURT JUDGE